Phelps *v.* City of Watertown.

[WARREN GENERAL TERM, July 14, 1868. *James, Bockes, Rosekrans* and *Potter,* Justices.]

———•●•———

PHELPS *vs.* THE CITY OF WATERTOWN and others.

Courts of equity have no general supervisory power over the government of municipal corporations, or over the acts and proceedings of their governing bodies.

It was never the province of a court of equity to interfere, in such cases, be-between the individual citizen and the municipal authority, except where it is shown by the complaint that the rights of the person prosecuting have been either injured or menaced in a matter falling under some recognized head of equity, and which it is the peculiar province of a court of equity to prevent or redress. *Per* JOHNSON, J.

The general rule is that the correction of errors, in the proceedings of these inferior political tribunals, and the redress of injuries thereby occasioned, belong to courts of law, and not to courts of equity; except in the few cases falling under some head of exclusive equity jurisdiction.

In an action brought against a city corporation, and others, by a resident and taxpayer of said city, the complaint alleged that the city authorities had entered into a contract with the other defendants to make certain improvements in the streets of the city; that the contractors, as the work progressed, were

Phelps *v.* City of Watertown.

paid in drafts upon the city treasurer; that the work was still being prose-ecuted, and other drafts about to be given; that the city authorities had no power to make such contract, or to give such drafts; and that the contract and drafts were void. The plaintiff prayed for a perpetual injunction, re-straining the further prosecution of the work, and the issuing of further drafts; that the contract might be declared void, and the contractors ordered to surrender, and be enjoined from transferring, the drafts. The complaint did not show that the plaintiff's premises had been interfered with, nor that any assessment had been made, or tax levied, to raise funds to meet the drafts. *Held* that the facts stated did not constitute any cause of action against the defendants, in favor of the plaintiff, nor give him any title to the relief demanded.

There is no precedent for an injunction to restrain acts upon the ground that they may possibly or probably result in forming and casting a cloud upon the title of a party. *Per* JOHNSON, J.

APPEAL from an order sustaining a temporary injunc-tion. The action was brought by the plaintiff, who is a resident and tax-payer of the city of Watertown, to re-strain the defendants from prosecuting certain improve-ments in several streets in said city. The complaint shows that the city authorities had entered into a contract with the other defendants to make the improvements, and that the contractors, as the work progressed, were paid in drafts on time, upon the city treasurer; and that the work was still being prosecuted, and other drafts about to be given. The complaint alleges, that the city authorities had no power to make such contract, or to give such drafts, and that the contract and drafts were void, and prays for a perpetual injunction restraining the further prosecution of the work and the issuing of further drafts; that the contract be declared void; and that the contractors be compelled to surrender the drafts already received, and enjoined from transferring the same. The complaint does not show that the plaintiff's premises have been interfered with, nor that any assessment has been made or tax levied to raise funds to meet the drafts. A temporary injunction was prayed for, which was allowed, and was sustained at special term.

Phelps *v.* City of Watertown.

*Merwin & Brown*, for the appellant.

*J. F. Starbuck*, for the respondent.

*By the Court*, JOHNSON, J. The facts stated in the complaint, which are to be taken as true, do not constitute any cause of action against the defendants, in favor of the plaintiff, nor give him any title to the relief demanded.

Courts of equity have no general supervisory power over the government of municipal corporations, or over the acts and proceedings of their governing bodies. The contrary idea would seem to prevail quite extensively amongst the profession, from the frequent and persistent attempts made to bring the acts of city and village authorities before this court for review, for the purpose of having such acts restrained or declared illegal and void. It was never the province of a court of equity to interfere in such cases, between the individual citizen and the municipal authority, except where it is shown by the complaint that the rights of the individual prosecuting have been either injured or menaced in a matter falling under some recognized head of equity, and which it is the peculiar province of a court of equity to prevent or redress. (*Haywood v. The City of Buffalo*, 14 *N. Y.* 534, *and cases cited. Butts and others* v. *The City of Rochester, decided at the present term.*) This is no such case, as shown by the complaint. No assessment has been made, and no tax levied, and consequently there is no cloud upon any title to be removed. Nor is there any ground to apprehend that the plaintiff will become involved in a multiplicity of actions by the acts complained of, unless he seeks them voluntarily.

The drafts which have been issued by the defendants in payment for the work are not drawn against the plaintiff, and create no liability against him, except in a remote and uncertain way, and can never be enforced against him as personal obligations. There is no precedent for an

Phelps *v.* City of Watertown.

injunction to restrain acts upon the ground that they may possibly or probably result in forming and casting a cloud upon the title of a party. Such injuries, should they happen, are not irreparable ; and as long as it remains uncertain whether they will ever happen, no injunction to restrain the acts can be allowed. As the case stands, upon the complaint, the plaintiff has sustained no injury that is not common to all other inhabitants living on the streets where the work complained of has been done, or is about to be done; and he has no such standing as will enable him to prosecute or maintain an action against a political body clothed with certain legislative powers. This question was very fully and ably examined in the case of *Doolittle* v. *The Supervisors of Broome,* (18 *N. Y.* 155,) by a most eminent and accomplished jurist; and the conclusion reached, that in such a case no action would lie, at the suit of a mere citizen, against the political body.

The same question was again asserted in the case of *Roosevelt* v. *Draper,* (23 *N. Y.* 318 ;) and these cases have not been overruled or departed from by any subsequent decision. The general rule is, that the correction of errors, in the proceedings of these inferior political tribunals, and the redress of injuries thereby occasioned, belong to courts of law, and not of equity, except in the few cases falling under some head of exclusive equity jurisdiction. This view disposes of the injunction, and leads to a reversal of the order by which it was granted and sustained. The order must therefore be reversed, and the injunction dissolved, with $10 costs of the appeal.

[FOURTH DEPARTMENT, GENERAL TERM, at Syracuse, November 13, 1871. *Mullin,* P. J., and *Johnson* and *Talcott,* Justices.]