GEORGE METZGER et al., Respondents, *v.* THE ATTICA AND ARCADE RAILROAD COMPANY, Appellant.

Where the bonds of a town have been issued to a railroad corporation, in payment for stock, by commissioners appointed under and by a judgment, void for want of jurisdiction, rendered in proceedings under the act authorizing "municipal corporations to aid in the construction of railroads" (chap. 907, Laws of 1869), an equitable action is maintainable, under the act of 1872, for the protection of tax-payers, etc. (chap. 161, Laws of 1872), at the suit of a tax-payer of the town, to restrain the negotiation or payment of the bonds, and to compel their cancellation.

(Argued November 24, 1879 ; decided December 9, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of plaintiff, entered upon the report of a referee.

This action was brought by plaintiffs, as tax-payers of the town of Sheldon, Wyoming county, to restrain defendant, the Attica and Arcade Railroad Company, from negotiating certain bonds of the town, issued to it by defendants, Parker and others, as commissioners, appointed for that purpose, by a judgment or decision of the court in proceedings under the act authorizing municipal corporations to aid in the construction of railroads (chap. 907, Laws of 1869); also to have the said bonds declared void, and directed to be canceled; and to restrain defendant Kuster, the collector of said town, from paying over to the railroad company moneys in hand collected to pay interest coupons upon said bonds.

The referee found that the petition was insufficient to give the court jurisdiction in said proceedings, and that, therefore, the judgment therein, and the bonds issued in pursuance thereof were void ; and directed judgment, requiring the railroad company to cancel and surrender the bonds and coupons, that the commissioners surrender the certificates of stock in their possession to be canceled, and that the moneys in the

hands of the collector be paid to the supervisor of the town for its use.

*George Bowen*, for appellant. The bonds in suit having been issued in proceedings void for want of jurisdiction, an equitable action for their cancellation cannot be maintained. (*People* v. *Smith*, 55 N. Y., 135; *Starin* v. *Genoa*, 23 id., 439; *People* v. *Mead*, 24 id., 114; S. C., 36 id., 224; *Town of Venice* v. *Woodruff*, 62 id., 465; *Town of S'pgport* v. *Teutonia S. B'k*, MSS. opin., Ct. of App. ; Laws of 1869, chap. 907, § 4; Laws of 1871, chap. 925, § 6; Story's Eq. Jur., § 700, a.; *Heywood* v. *City of Buffalo*, 14 N. Y., 542.) The money raised for the purpose of paying the interest on the bonds having been paid voluntarily by the tax-payers cannot be recovered back. (*People* v. *Brown*, 55 N. Y., 180; *Ross* v. *Curtiss*, 31 id., 606; *First Nat. B'k* v. *Wheeler*, 72 id., 201–206.)

*Thomas Corlett* and *H. A. Comstock*, for respondents. The judgment under which the bonds were issued being void upon its face did not conclude anybody. (*Bloom* v. *Burdick*, 1 Hill, 141; *Dicks* v. *Hatch*, 10 Iowa, 380; *Townsend* v. *Jeffries*, 17 Ala., 276; *Reed* v. *Wright*, 2 Greene [Ja.], 15; *Dobson* v. *Price*, 12 N. Y., 164; *Galpin* v. *Page*, 18 Wall., 350; *Sears* v. *Terry*, 26 Conn., 273; *Galpin* v. *Page*, 1 Am. L. T. R. [N. S.], 523; *Canal Bk.* v. *Judson*, 8 N. Y., 254; *Harrington* v. *People*, 6 Barb., 607; *Camden* v. *Mulford*, 2 Dutch., 49; *Elliott* v. *Pearsoll*, 1 Pet., 350; *Schneider* v. *McFarland*, 2 N. Y., 459; *Corwin* v. *Merritt*, 3 Barb., 341; *Bloom* v. *Burdick*, 1 Hill, 130; *Wood* v. *McChesney*, 40 Barb., 417; *Chandler* v. *Northrop*, 24 id., 129; *Forbes* v. *Halsey*, 26 N. Y., 63; *Staples* v. *Fairchild*, 3 id., 41; *Van Alstyne* v. *Erwin*, 11 id., 331; *Decker* v. *Bryant*, 7 Barb., 182; *Stanton* v. *Ellis*, 12 N. Y., 575; *Hale* v. *Sweet*, 40 id., 97; *Ely* v. *Cook*, 28 id., 365; *Morrow* v. *Freeman*, 61 id., 515.) This is a proper case for a bill in equity to compel the surrender of the bonds and coupons, and also to restrain the defendant,

the collector of the town, from paying over to the alleged commissioners the money raised by the board of supervisors to pay interest on the bonds. (*Boyce's Ex'rs* v. *Grundy*, 3 Pet., 210; *Watson* v. *Sutherland*, 5 Wall., 74; Story's Eq. Juris., § 694; *Reed* v. *Bk. of Newburgh*, 1 Paige, 215; *Hamilton* v. *Cummings*, 1 J. Chy., 517; *McHenry* v. *Hazzard*, 45 N. Y., 580; *Whitingham* v. *Thornburg*, 1 Vt., 206; *De Costa* v. *Scandrel*, 2 P. Wms., 170; *Peak* v. *Highfield*, 1 Russ., 559; Story's Eq. Juris., § 64, K.; *Biddle* v. *Ramsey*, 52 Mo., 153.) The right of the plaintiffs, as taxpayers of the town of Sheldon, to maintain this action is abundantly settled by authority. (*Ayres* v. *Laurence*, 59 N. Y., 192; *Hurlburt* v. *Banks*, 1 Abb. N. C., 157; *Newton* v. *Keesh*, 9 Hun, 355; *Falconer* v. *R. R. Co.*, 7 id., 499; S. C. on appeal, 69 N. Y., 491.)

Danforth, J. The defendant now concedes the bonds in question to have been issued under a judgment void for want of jurisdiction in the court which rendered it, and claims moreover that they are void for matters appearing upon their face. To this extent, then, there is acquiescence in the decision of the learned referee, but the appellant contends that for these very reasons there is no ground for equitable interference, and this might be so if the question turned upon the exercise of the general jurisdiction of a court of equity, (Story Eq. Jur., § 700; *Heywood* v. *City of Buffalo*, 14 N. Y., 542), but it does not. The plaintiffs are tax-payers and the defendants, Parker, Briggs and White, claim to be commissioners of the town of Sheldon under color of the judgment above referred to and an appointment by virtue of proceedings under the act permitting "municipal corporations to aid in the construction of railroads." (Laws of 1869, chap. 907.) They have issued to the appellant bonds purporting to be the obligations of the town and which, if valid, would be a charge "upon the real and personal estate within the limits thereof, to be collected and paid in like manner as other debts, obligations and charges against the" town.

(Chap. 907, *supra,* § 6; Laws of 1870, chap. 300, § 1.) The bonds and the coupons attached could therefore be collected by assessment, and no action would be necessary to enforce their payment. This action is predicated upon the provisions of the act entitled : " An act for the protection of tax-payers against the frauds, embezzlements and wrongful acts of public officers and agents." (Laws of 1872, vol. 1, chap. 161.) The intent and scope of this statute was, soon after its enactment, carefully considered by this court, in *Ayers* v. *Lawrence* (59 N. Y., 192), and it is very clear that the plaintiffs have brought their case within its provisions as they were then construed. The appellants are the holders of the bonds and coupons illegally issued, and to apply the money already raised to their payment or permit the bonds themselves to remain an apparent pledge of the credit of the town, and a lien upon the property of the tax-payer, would sanction the very waste and injury which the statute was designed to prevent. The action was, therefore, well brought. The commissioners do not appeal, and as the railroad company has no interest in the litigation save as holder of bonds pronounced invalid, it can have no concern as to the disposition of the money now in the hands of the collector.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.