WILLIAM H. HILLS, APPELLANT, v. THE PEEKSKILL SAVINGS BANK AND REUBEN E. FARNHAM, RESPONDENTS.

*Taxpayer—action by, to restrain waste or injury by a public officer—What defects in the petition render bonds, issued to aid a railroad, void in the hands of purchasers in good faith and for a valuable consideration — Statute — effect, on amendatory statute, of the repeal of the statute amended.*

The plaintiff, a taxpayer of the town of Attica, brought this action to restrain the defendant Farnham, the supervisor of the town, from taking proceedings to have a tax levied on the town to pay the interest on certain bonds, the issue of which Farnham had been instrumental in procuring, and to restrain the defendant the Savings Bank from disposing of the bonds held by it pending the action, and to obtain a judgment declaring the bonds and their coupons to be illegal and void, and directing their surrender and cancellation. The bonds, which were received by the bank in good faith and for a valuable consideration, were issued by the railroad commissioners of the town, under chapter 75 of 1878, and chapters 12 and 146 of 1880, to take up bonds which had been

previously issued to aid in the construction of a railroad. It was claimed that the bonds first issued were void, because the petition by which the bonding proceedings were instituted did not show that the petitioners were a majority of the taxpayers of the town, excluding persons taxed for dogs and highway taxes only.

Upon an appeal from an order vacating a temporary injunction granted in the action:

*Held,* that under chapter 435 of 1880, the plaintiff could maintain the action and that the court erred in vacating the injunction.

That chapter 435 of 1880 remained in force despite the fact that the act which it purported to amend, chapter 526 of 1879 was an amendment of chapter 162 of 1872, which act of 1872 had been repealed by chapter 245 of 1880.

APPEAL from an order made at the Erie Special Term, dissolving an injunction order.

*W. F. Cogswell,* for the appellant.

*L. W. Thayer,* for the respondents.

SMITH, P. J.:

The plaintiff, as a taxpayer of the town of Attica, brings this action to restrain the defendant Farnham, who is the supervisor of the town, from taking proceedings to levy a tax on the town to pay the interest on certain bonds, and to restrain the defendant, the bank, from disposing of the bonds, pending the suits, and to obtain a judgment declaring the bonds and their coupons to be illegal and void, and directing that they be surrendered up to be canceled.

In June, 1873, proceedings were instituted to bond the town in aid of the Attica and Arcade Railroad Company. Commissioners were appointed, who, in March, 1874, issued the bonds of the town to the amount of $20,000 to the railroad company, and subscribed for 200 shares of the stock of the company. The petition by which the bonding proceedings were instituted, did not show that the petitioners were a majority of the taxpayers of the town, excluding persons taxed for dogs and highway taxes only. In 1880, a new railroad corporation was formed by the name of " The Tonawanda Valley Railroad Company," and to it the Attica and Arcade Railroad Company, without consideration, transferred all its property, franchises and privileges, including said bonds. In the same year,

the railroad commissioners of the town, acting in pursuance of chapter 75 of the Laws of 1878, and chapters 12 and 146 of the Laws of 1880, undertook to issue, and did deliver to the Tonawanda Valley Railroad Company in exchange for the first mentioned bonds new bonds of the said town, to the amount of $25,700, payable in twenty years with interest. The defendant, the bank, bought $10,000 of those bonds for value and without notice that the bonds were invalid, except such notice as may be implied from the above mentioned defect upon the face of the petition. It is alleged in the papers on which the injunction order was based that the defendant Farnham, is supervisor of the town, that he was instrumental in procuring the bonds to be issued, and that he will not take any proceedings to protect the town against the same, but that on the contrary he has declared that he will procure a tax to be levied by the board of supervisors upon said town to raise money with which to pay the interest due or soon to become due on said bonds. The bonds are shown to be negotiable, and the plaintiff alleges that he fears the bank, unless restrained by the order of the court, will transfer the same pending the action, so that they cannot be affected by the judgment of the court.

The injunction order restrained the bank from transferring or collecting the bonds, and the defendant Farnham from taking any proceedings to levy a tax on said town to pay the interest thereon.

It is understood from the opinion delivered at Special Term, that the injunction order was vacated upon the authority of *The Town of Venice* v. *Woodruff* (62 N. Y., 462), there being in the present case no danger of a loss of evidence as the alleged invalidity of the original bond appears on the face of the record, and there is no apparent reason to apprehend a multiplicity of suits.

We cannot avoid the conclusion that the case of the *Town of Venice* was misapplied by the learned judge at Special Term. That case was decided upon the ground that its facts did not bring it within the principles upon which courts of equity ordinarily proceed in restraining the transfer and directing the cancellation of written instruments. In the present case the plaintiff seeks to avail himself of an equitable remedy given by statute, and the only question is whether he has shown himself to be within the provisions of the statute which he invokes.

This action was begun in November, 1880. Section 1925 of the Code of Civil Procedure, which took effect on the first day of September preceding, gave a right of action to a taxpayer against the officers of his town, to prevent waste, etc., of the property of the town. But it may be questionable whether, under that section, the plaintiff was entitled to an injunction against the defendant Farnham, upon the facts stated in his moving papers. The only waste suggested is that which would result from the apprehended tax upon the town, and the tax could be levied only by the board of supervisors. True, Farnham was a member of the board and as such was entitled to a vote, but he could not control the action of the board. Inasmuch as he could not by any action of his own impose a tax upon the town or prevent the board from imposing such tax, it may be doubted whether a cause of action is made out against him, under the section referred to.

But a few days after section 1925 was passed, the legislature adopted another act on the same subject (Laws 1880, chap. 435), which defines the waste or injury intended to be prevented, as consisting in "any officer or agent of any county, town or municipal corporation, by collusion or otherwise, auditing, allowing or paying, or *conniving* at the audit, allowance or payment of any fraudulent, illegal, unjust or inequitable claim," etc. (Sec. 2.) The threatened action of the defendant Farnham, as stated in the moving papers, clearly brings him within the terms of the act last cited.

The course of legislation on the subject-matter of the act is somewhat peculiar. The first statute giving a right of action to taxpayers to prevent waste, etc., by the action of public officers, was passed in 1872. (Laws 1872, chap. 161.) That act was amended by chapter 526 of the Laws of 1879. After the amendment the original act was repealed. (Laws 1880, chap. 245, § 1, sub. 28.) As chapter 526 of 1879 was nothing more than an amendment of the act of 1872, it would seem that it became a dead letter by the repeal of the original act (*Chegaray* v. *Jenkins*, 5 N. Y., 376, *per* RUGGLES, Ch. J., 379), unless a contrary intent was manifested by the legislature. That the repeal of the original act was not intended to sweep away the amendment in this instance we think is manifest. For after the repealing act was passed, and at the same session, chapter 435 already referred to was enacted, and it purports to be

an amendment of the act of 1879. That circumstance, and the fact that chapter 435, although passed shortly after the repealing act was adopted, was to precede it as to the time of taking effect, indicates very clearly that the legislature did not intend to annul the act of 1879 by repealing the act of which it was an amendment, neither did they intend to supersede it by section 1925 of the Code, which also was passed previously to chapter 435, but was not to go into operation till some months after that chapter took effect. Again, whether the act of 1879 was repealed or not before chapter 435 of the Laws of 1880 was adopted, the latter act was intended to have the force of an original and independent statute. That is apparent from the fact that it introduced new and independent provisions, and from the further fact that the legislature of 1881 recognized it as in force by providing for its repeal and substituting another act in its place. (Laws 1881, chap. 531.) We conclude then that at the time when this action was commenced, chapter 435 of the Laws of 1880 was in force and under its provisions the plaintiff was entitled to an injunction against the defendant Farnham, to restrain him from doing the acts which he had threatened to do, as alleged in the complaint. This, of course, is upon the assumption that the bonds in question are illegal and void in the hands of the bank; a point which we will now consider.

The defect in the petition on which the proceedings were based, in which the original bonds were issued, was fatal and avoided the proceedings, including the bonds so issued. (*People ex rel. Green* v. *Smith*, 55 N. Y., 135.) The original bonds being void did not constitute an indebtedness of the town, and the commissioners had no authority to issue new bonds for the purpose of paying or retiring them. Neither the general acts (Laws 1878, chap. 75; Laws 1878, chap. 317; Laws 1880, chap. 12) nor the special act (Laws 1880, chap. 146), relied upon by the learned counsel for the respondent, authorized the issuing of new bonds except for the purpose of paying or retiring an existing bonded indebtedness of the town. No indebtedness existed by reason of bonds absolutely void. The circumstance that the bank paid value for the bonds does not constitute a defense. The bonds recited that they were issued to retire other bonds of said town issued under the laws of the State authorizing municipal corporations to issue their bonds, and the bank is

chargeable with notice of the defect patent upon the face of the record of the proceedings in which the original bonds were issued.

If these views are correct the plaintiff is entitled under the statute to that part of the injunction order which is directed to the defendant Farnham.

That being the case the remainder of the order which restrains the bank from transferring or collecting the bonds or their coupons during the pendency of the suit, is needed to make the statutory remedy effectual. (*Metzger* v. *The Attica and Arcade R. R. Co.,* 79 N. Y., 171.)

The order appealed from should be reversed, with ten dollars costs and disbursements.

HARDIN and DWIGHT, JJ., concurred.

So ordered.