CHARLES G. ALVORD, AS ADMINISTRATOR, ETC., OF FRANCIS ALVORD, DECEASED, APPELLANT, v. THE SYRACUSE SAVINGS BANK AND CHARLES W. SNOW, RESPONDENTS, IMPLEADED, JAMES J. BELDEN AND OTHERS, AND PETER SMITH, RAILROAD COMMISSIONER OF THE TOWN OF SALINA AND OTHERS.

*Taxpayer — he cannot sue a* bona fide *holder for value of town bonds, to have them canceled — Code of Civil Procedure, sec. 1925.*

Section 1925 of the Code of Civil Procedure, authorizing an action to be brought by a taxpayer against the public officers of a county, etc., or any other person acting in its behalf, to prevent waste of or injury to the estate or other property of the municipality, does not authorize an action by a taxpayer against a *bona fide* holder, for value, of town bonds issued under an act of the legislature, in which it is sought to have the bonds so issued canceled and declared void.

APPEAL by the plaintiffs from a judgment in Onondaga county dismissing the plaintiffs' complaint, entered upon the trial of the action at a Special Term in that county. The action was originally brought by Francis Alvord and Leman B. Pitcher, both of whom died pending this appeal. The appellant above named was substituted in place of Francis Alvord, deceased.

The appeal was "from so much of the judgment as was in favor of the Syracuse Savings Bank and Charles W. Snow." The bank owned $8,000 of certain bonds issued by the town of Salina, and Snow owned $20,500. The trial court found that they were, each of them, *bona fide* holders and owners of their bonds, respectively. The bonds were all issued as early as December, 1870, and interest was paid up to and including August 1, 1880. Peter Smith, the railroad commissioner, did not appear in the action, and the appeal does not affect the judgment so far as it relates to him. The plaintiffs' action was in the nature of a suit in equity to have canceled $120,000 of bonds issued by the town of Salina to the Syracuse Northern Railroad Company, in exchange for its stock, under chapter 571 of the Laws of 1868.

The trial court held that the right of action was barred by lapse of time and dismissed the bill as to all the defendants.

*Cornelius E. Stephens*, for the appellant.

*George F. Comstock*, for the respondent.

HARDIN, P. J.:

Prior to the passage of chapter 161 of the Laws of 1872, the plaintiffs, taxpayers of the town of Salina, could not have maintained this or any similar action. (*Roosevelt* v. *Draper*, 23 N. Y., 318; *Phelps* v. *Watertown*, 61 Barb., 121; *Tifft* v. *The City of Buffalo*, 65 id., 461; *Cumines* v. *Supervisors of Jefferson Co.*, 63 id., 287.) That statute was designed to put a remedy in the hands of taxpayers not existing prior, thereto and to give that remedy against "public officers and agents" as it is phrased in the title of the act. (See Laws of 1872, chap. 161.) The statute received judicial construction in *Ayers* v. *Lawrence* (59 N. Y., 193), where it was said an action might be sustained against the railroad company commissioners to restrain the contemplated and threatened unauthorized issuing of town bonds by such commis-

sioners. That case does not consider any question relating to an action by a taxpayer against a bond holder whose bond, when held in good faith, is declared valid. (Sec. 7, Act of 1868, chap. 571.)

In *Metzger* v. *Attica and A. Railroad Company* (79 N. Y., 171), it was held that an equitable action is maintainable to restrain "the negotiation or payment of bonds," and to restrain a town collector from paying over moneys to satisfy the coupons. That case having been brought against the commissioners and town collector differs from the appeal now before us. The substance of the Act of 1872 is found in section 1925 of the Code of Civil Procedure. Neither the statute of 1872, nor section 1925, authorize a taxpayer of a municipality to maintain an action against a bond holder who is a mere private individual doing or threatening no special injury or damage to the municipality in which the taxpayer is interested. Therefore the appeal now before us discloses an attempt to have this court declare invalid, bonds held in good faith, bought in good faith by two defendants, at the instance of a taxpayer who has not made a town officer or agent a party to the appeal. We are of the opinion that the appellant has no standing in court which entitles him to have the question, raised upon the merits of his bill as between him and the town officer or agent, considered.

The plaintiffs are not in a situation to assert the rights of the town in the premises. If the action were by the town to have surrendered the bonds issued, then the right to maintain the action would not rest upon the statute or Code already referred to. (*Town of Venice* v. *Breed*, 65 Barb., 597; S. C., 1 T. & C., 130.)

As the plaintiffs, the appellants, are not before us with a case upon which they are entitled to maintain themselves under the Code or statute against the bond holders, and this appeal relates only to the right of the respondent to have the judgment below maintained, we think it our duty to affirm its judgment so far as the same is appealed from.

FOLLETT and VANN, JJ., concurred.

Judgment affirmed, with costs.