## WILLIAM STRANG, RESPONDENT, *v.* ROSWELL COOK, APPELLANT.

*A taxpayer may maintain an action under chapter* 531 *of* 1881 *to restrain the payment of town bonds, illegally issued — such an action is not subject to the objections which would defeat an action dependent upon the general equity power of the court — nor is it barred by any of the statutes of limitations.*

In this action, brought by the plaintiff, as a taxpayer, under chapter 531 of 1881, to prevent the payment of $3,000 of the bonds of the town of Mentz, issued pursuant to an adjudication of the county judge of Cayuga county, in proceedings taken before him, and held by the defendant Cook, and to require Cook to deliver them up to be canceled, it was charged and proved that the bonds were illegally issued for the reason that the petition failed to state that the petitioners were a majority of the taxpayers who were taxed or assessed for property, " not including those taxed for dogs or highway tax only," upon the last preceding assessment-roll.

*Held*, that this omission in the petition was jurisdictional and had the effect to render the proceedings, and the bonds issued pursuant to it, invalid.

*Towns of Wellsboro* v. *New York and Canada Railroad Company* (76 N. Y., 182). *People ex rel. Green* v. *Smith* (55 id., 135) followed.

That the right to bring an action for the relief sought in this action was given to taxpayers by the statute, and the rules prescribing the circumstances under which an action, dependent only upon the general equity power of the court to grant the relief, could be brought, and the reasons which ordinarily require the court to deny the plaintiff's right to bring such an action, were not applicable to this action.

That the action was not barred by the statute of limitations, although it was commenced more than ten years after the bonds were issued and transferred by the commissioners of the town.

That the action was analogous in principle to one instituted for the removal of a cloud upon the title to land, which is a continuing cause of action that may be asserted at any time during the existence of the cloud, and is never barred by the statute of limitations while the cloud continues to exist.

*Miner* v. *Beekman* (50 N. Y., 337); *People ex. rel. Townshend* v. *Cady* (18 J. & S., 399) followed.

APPEAL from a judgment in favor of the plaintiff, entered upon a decision of the Cayuga Special Term.

The action was brought by the plaintiff as a taxpayer of the town of Mentz, in the county of Cayuga, against the supervisor, the

bonding commissioners of the town, and the appellant to restrain proceedings to provide funds to pay certain town bonds issued in aid of the construction of the Cayuga Northern Railroad, and to require the appellant to deliver up those of them owned by him that they might be canceled. The plaintiff recovered a judgment for such relief.

*Howland & Wheeler*, for the appellant.

*F. D. Wright*, for the respondent.

BRADLEY, J.:

This action was brought under Laws of 1881, chapter 531, known as "An act for the protection of taxpayers" to prevent the payment of three thousand dollars of the bonds of the town of Mentz, in the county of Cayuga, held by the defendant Cook, and to require him to deliver them up to be canceled. These bonds were issued pursuant to the adjudication of the county judge of that county, made in July, 1872, in a proceeding taken and had under Laws of 1869, chapter 907, as amended by Laws of 1871, chapter 925, with a view to aid the construction by the Cayuga Northern Railroad Company of its road, and in the manner which the statute then provided were transferred to that company. The plaintiff charges that the bonds were illegally issued on the ground that the petition, by which the proceeding before the county judge was instituted, was defective, and as a consequence the adjudication was without jurisdiction, and the bonds void; that although the petition stated that the subscribers to it were a majority of the taxpayers of the town, whose names appeared on the last preceding assessment-roll as owning or representing a majority of the taxable property of the town, and the fact was so adjudged by the county judge, the petition failed to state that the petitioners were such majority of taxpayers who were taxed or assessed for property "not including those taxed for dogs or highway tax only" upon such roll.

It has been held that this omission in the petition is jurisdictional, and has the effect to render the proceeding, and the bonds issued pursuant to it, invalid. (*Town of Wellsboro* v. *N. Y. and Canada R. R. Co.*, 76 N. Y., 182; *People ex rel. Green* v. *Smith*, 55 id., 135.). And this view is founded upon the construction and effect given to the statute, which provides that "whenever a majority of the taxpayers of

any municipal corporation in this State who are taxed or assessed for property, not including those taxed for dogs or highway tax only, upon the last preceding assessment-roll or tax-list of said corporation, * * * shall make application to the county judge * * * by petition verified by one of the petitioners, setting forth that they are such majority of taxpayers, and are taxed or assessed for or represent such a majority of taxable property," etc., the proceeding provided for shall be in the manner prescribed. If the question were *res nova*, we might have some difficulty in reaching the conclusion that the omission referred to was a defect rendering the petition insufficient to support the validity of the proceedings founded upon it, in view of the later provision in the same section that "the word taxpayer shall mean any corporation or person assessed or taxed for property, either individually or as agent, trustee, guardian, executor or administrator, or who shall have been intended to have been thus taxed, and shall have paid or are liable to pay the tax as herein-before provided, or the owner of any non-resident lands taxed as such, not including those taxed for dogs or highway tax only." (Laws 1871, chap. 925, § 1.)

If correctly understood here, this provision so defines the term "taxpayer" as to exclude from it, for the purposes of the act and the proceedings under it, "those taxed for dogs or highway tax only;" and it would seem that the latter are no less not included by the omission than by the use of the words in question, and that nothing would be added to the import of the petition by the insertion of them, because the petition was made under the statute, which, for the purpose of its interpretation, it would also seem may be referred to as effectually as if such definition had been inserted in the petition. (*Union Hotel Co.* v. *Hersee*, 79 N. Y., 454, 458.) No reference appears by the report of the cases before cited to have been made to this defining provision in the act; and the apprehension that the attention of the court there may not have been called to it is somewhat permitted by the remark of FINCH, J., in *Hills* v. *Peekskill Savings Bank* (101 N. Y., 490), that "the existence of this defect, it is said, we are bound, by a precedent of own making, to declare stripped the proceeding in the Supreme Court of jurisdiction and left it absolutely void. * * * There appears not to have been presented to the mind of the court a provision of

the act of 1869, now brought to our attention, which bears strongly upon the inquiry involved. It is not necessary to say whether to that new consideration there is or is not a satisfactory answer." The learned judge evidently had reference to this definition of a taxpayer given by the provision of the act of 1869, as amended in 1871, as none other is found to which the remark is deemed applicable. But whatever may otherwise have been our views, we must be governed in the conclusion upon that question by the determination of *Town of Wells boro* v. *New York and Canada Railroad Company* (76 N. Y., 82), from which, in that respect, the case at bar is not distinguishable.

In that case it was also held that the adjudication founded upon such a petition was more than a mere judicial error, and that the defect went to the jurisdiction and did not permit judicial action, and therefore was subject to collateral attack, and in view of the doctrine applied in this State in that respect, the fact that the defendant is a *bona fide* holder of the bonds is not important. The rule would, however, be otherwise if the petition could be deemed to furnish any evidence, however slight, of jurisdiction to permit judicial action upon the question, although insufficient to support the judgment on a direct proceeding to review it. In such case a *bona fide* holder of rights taken under the judgment while it remained unreversed would be protected. (*Skinnion* v. *Kelley*, 18 N. Y., 355; *Kissock* v. *Grant*, 34 Barb., 144; *Jackson* v. *Rosevelt*, 13 Johns., 97; *Woodcock* v. *Bennet*, 1 Cow., 711.) But the character given to the petition by the Town of Wellsboro case does not, we think, permit the application of that rule, although the plaintiff be such *bona fide* holder of the bonds issued pursuant to the adjudication.

The contention that the relief sought is not available to the plaintiff because the subject of it may be made a matter of defense, would be supported in an action dependent only upon the general equity powers of the court for relief, inasmuch as the alleged defect appears by record, upon which the holder of the bonds must rely to support his right to recover upon them or to enforce their payment. (*Town of Venice* v. *Woodruff*, 62 N. Y., 462.) But the right of action is given by the statute to taxpayers for the purposes of the relief in question, and the circumstances which are required to sup-

port for such purpose, and the reasons which deny, a right of action under such general equity powers of the court, are not applicable as an objection to the maintenance of this action. (*Metzger* v. *Attica and Arcade R. R. Co.*, 79 N. Y., 171.)

This action was commenced more than ten years after the bonds were issued and transferred by the commissioners of the town, and for that reason it is contended that it is barred by the statute of limitations. There is no limitation specially prescribed for such an action by the statute, which in such case provides that the action must be commenced within ten years after the cause of action accrues. (Code Civil Pro., § 388.) The force of this contention may not be free from doubt. The statute declares the bonds issued pursuant to its provisions to be a charge upon the real and personal estate within the limits of the municipal corporation. (Laws 1869, chap. 907, § 6.) And the only ground upon which the action seems to be supported, as against the statute of limitations, is that its purpose and the effect of the relief is the removal of a cloud from the title to real property. In *Town of Venice* v. *Breed* (65 Barb., 598) the opinion was expressed by MULLIN, P. J., to the effect that the statute of limitations in such case was applicable as a bar. And on review (*Town of Venice* v. *Woodruff*, 62 N. Y., 471, 472) doubt was expressed by RAPALLO, J., about the availability of the statute of limitations to such a case, and suggestion was made that the action was analogous in principle to one instituted for the removal of a cloud upon the title to land, which would bring it within the doctrine of *Miner* v. *Beekman* (50 N. Y., 337), where it was held that the right of action to remove a cloud from the title to land is a continuing one, that may be asserted at any time during its existence, and is never barred by the statute of limitations while the cloud continues to exist. (*People ex rel. Townshend* v. *Cady*, 18 J. & S., 399.)

We are inclined to think that this principle is properly applicable to an action having the purpose of the one at bar, as it may in some sense be treated as having in view the removal of a cloud upon the title to the land within the town, and the fact that the right to maintain this action is statutory does not so qualify the remedy, as to deny to it the application of the principles of law applicable to those for similar relief not dependent for their creation and support upon

the statute. There seems to be no other question requiring consideration.

The judgment should be affirmed.

BARKER, P. J., and HAIGHT, J., concurred.

Judgment affirmed, with costs.