TOWN OF WELLSBOROUGH, Respondent, *v.* THE NEW YORK AND CANADA RAILROAD COMPANY et al., Appellants.

It is essential to the validity of a petition, presented to a county judge under the provisions of the town bonding acts (chap. 907, Laws of 1869, and chap. 507, Laws of 1870, as amended by chap. 925, Laws of 1871), that it should set forth that the petitioners constitute a majority of the tax-payers of the town appearing on the last preceding assessment-roll, "not including those taxed for dogs or highway tax only;" a statement merely that they are a majority of the tax-payers is insufficient.

A petition averred that the petitioners were a majority of the tax-payers; then followed, in a separate sentence and paragraph, an averment that their names appear upon the last preceding assessment-roll of the town, that they are taxed or assessed for, or represent a majority of the taxable property of said town on said list, "not including those taxed for dogs or highway taxes only." *Held*, that this was simply an averment that a majority of the taxable property of the town, not including taxes for dogs, etc., was represented by the petitioners; that the petition, therefore, was invalid, the county judge acquired no jurisdiction, and his order was a nullity.

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts are set forth sufficiently in the opinion.

*M. D. Grover*, for appellants. The petition complied with all the requirements of the act of 1871 (chap. 925), and conferred upon the county judge jurisdiction to appoint a time and place to take proof of the allegations of the petition. (*Miller* v. *Brinkerhoff*, 4 Den., 118; *Sheldon* v. *Wright*, 5 N. Y., 497; *Skinner* v. *Kelly*, 18 id., 355; *Rogers* v. *Spencer*, 55 id., 1; *Green* v. *Smith*, id., 135.)

*Samuel Hand*, for respondent. The county judge never acquired jurisdiction. (*People ex rel. Green* v. *Smith*, 55 N. Y., 137–139.) The presentation of a petition, in conformity with the act of 1871 (chap. 925), lies at the basis of the county judge's jurisdiction. (*People* v. *Spencer*, 55 N. Y., 1; *People* v. *Smith*, 45 id., 773; *People* v. *Hurlbut*, 46 id., 110; *People* v. *Knowles*, 47 id., 415; *Bank of Chemung* v. *City of Elmira*, 53 id., 49–53; *Morrow* v. *Freeman*, 61 id., 515; *Salters* v. *Tobias*, 3 Paige, 338; *Stanton* v. *Ellis*, 12 N. Y., 575; *Polland* v. *Wegener*, 13 Wis., 569.)

Andrews, J. This action was brought to have declared void and annulled, the adjudication of the county judge of Essex county, appointing the individual defendants, commissioners, to act for the town of Wellsborough, in subscribing for the stock, and issuing the bonds of the town in aid of The New York and Canada Railroad Company, and to restrain by perpetual injunction, the issuing of such bonds, and the subscription for such stock.

The order or adjudication of the county judge was made on the first day of August, 1872, upon a petition of taxpayers bearing date April 20, 1872, purporting to be an application, pursuant to chapter 907 of the Laws of 1869, and chapter 507 of the Laws of 1870, as amended by chapter 925, of the Laws of 1871.

The validity of the proceeding is assailed on several grounds, and among others that the petition presented to

the county judge did not set forth that the petitioners constituted a majority of the taxpayers of the town, appearing upon the last preceding assessment roll, not including those taxed for dogs or highway tax only, as required by the amendment of 1871, but merely that they were a majority of the taxpayers on said roll, without stating that they were a majority, excluding those taxed for dogs and highway tax only. This objection if well founded in fact, is fatal to the proceeding. The county judge acquired no jurisdiction, and his order is a nullity. This point has been expressly adjudicated by this court in the case of *The People ex rel. Green* v. *Smith* (55 N. Y., 135), which was a case of town bonding, in which the proceedings under review were commenced after the passage of the amendment of 1871.

It only remains to inquire, therefore, in determining the question we are now considering, whether the petition of the taxpayers is defective in the respect mentioned, and we are of opinion that it is, and that the county judge consequently acquired no jurisdiction to entertain the application, or to make any adjudication in the premises. The petition commences with an averment that the petitioners are a majority of the taxpayers of the town, and this is followed by an averment in a separate sentence and paragraph, that their names appear upon the last preceding assessment roll of the town, to wit: the assessment roll of 1871, and that they are on such assessment roll, taxed, or assessed for, or represent a majority of the taxable property of said town on said list, "not including those taxed for dogs, or highway taxes only." This is an averment simply, that a majority of the taxable property of the town, not including taxes for dogs and highways, is represented by the petitioners. It is not in sense or grammatical construction an averment that the petitioners are a majority of the taxpayers, excluding those taxed for dogs, or highways only. The petition may be true, although the petitioners are less than a majority of the taxpayers, excluding the classes of taxpayers who are not qualified petitioners. It is claimed that this defect

is obviated by the fact that a copy of the assessment roll is annexed to the petition from an inspection of which it appears that there were no persons assessed in the town in the year 1871, for dogs and highway taxes only. The decisive answer to this suggestion is that the list annexed to the petition, is not by reference or otherwise, made a part of it, and that neither by averment in the petition, or by anything appearing upon the alleged roll, is it identified as the assessment roll of 1871. We see no answer to the objection that by reason of the defective petition the county judge failed to acquire jurisdiction, and within our decisions it must be held that the subsequent order and proceedings are void.

This court has steadily maintained the doctrine, that the statutes, authorizing town bonding, in aid of railroads, must be strictly pursued, and that the proceedings will not be sustained, when there has been a failure to comply strictly with the statutes conferring the authority. These statutes authorize private property to be taken by means of taxation for the benefit of private corporations, exercising as is held a *quasi* public function, and while the courts have been disposed to sustain their validity, and to uphold bonds issued in conformity with the authority conferred, they have refused to go further. The bonding acts are subversive of the just rights of the minority, who do not consent to the issue of the bonds, and we are not disposed to relax the stringency of the rules we have heretofore adopted, and least of all in a case like the one before us, where bonds have not been issued, and the question presented, is whether the preliminary proceeding shall be consummated, and a debt against the town created. We refer to a few of the cases showing the course of decision in this court upon questions arising under these statutes. (*People* v. *Smith*, 45 N. Y., 773; *People* v. *Hulbert*, 46 id., 110; *People* v. *Knowles*, 47 id., 415; *People* v. *Spencer*, 55 id., 1; *People* v. *Smith*, id., 135.)

It is claimed, and we think the claim is well founded, that the facts bring this case within our decision in *Falconer* v.

*Buffalo and Jamestown R. R. Co.*, (69 N. Y., 491,) but it is unnecessary to consider this question, as the conclusion upon the question of the jurisdiction of the county judge, is decisive, and on that ground alone the judgment should be affirmed.

All concur; CHURCH, Ch. J., and FOLGER, J., concurring in result; RAPALLO, J., absent.

Judgment affirmed.