Blatchford, C. J.
This suit was tried before the court without a jury. It is brought to recover the amount payable by 218 coupons on bonds issued by the town of Potter, in Yates county, New York, a municipal corporation of the state of New York, in aid of the construction of the Geneva & Southwestern Bailway Company. Of these coupons 109 fell due March 1, 1879, and 109 September 1, 1879. Of each set of 109, 90 belonged to bonds of $100 each, and were for $3.50, and 19 belonged to bonds of $1,000 each, and were for $35 each. The total amount of the 218 coupons is $1,960. The total amount of bonds issued by the town in aid of the railroad was $30,000. The commissioners who issued the bonds delivered them to the railroad company in payment of a subscription by the town for $30,000 of the capital stock of the company, and the town received a certificate for that amount of such stock, and has retained it ever since. The bonds were dated September 1, 1872, and were issued shortly after November 6, 1872, and were payable in 30 years from date, and had on them when issued coupons payable every six months from and including March 1,1873, to and including September 1, 1902. The town paid the coupons which fell due before March 1, 1879. The plaintiff is a bona fide holder for value of the coupons sued on. The bonds are in this form:
“United States of America, State of New York. No. 3. $100. Town of Potter, county of Yates. The town of Potter, in the county of Yates and state of New York, acknowledges itself indebted to the bearer in the sum of one hundred dollars, which sum said town promises to pay to the holder hereof at the county treasurer’s office of Yates county, in PennYan, N. Y., thirty years after the date hereof, and also interest at the rate of seven per cent, per annum thereon, payable semiannually on the first days of March and September, in each year, until the said principal sum shall be paid, on the presentation of the annexed interest warrants at the county treasurer’s office of Yates county, in Penn Yan, N. Y.
*519 “This bond is one of like tenor, amounting in the whole to the sum of $30,000, and issued pursuant to an act of the legislature of the state of New York, passed May 18, 1869» entitled ‘An act to amend an act entitled “An act to authorize the formation of railroad corporations, and to regulate the same,” passed April 2, 1850,’ so as to permit municipal corporations to aid in the construction of railroads, and the several acts amending the same.
“In testimony whereof the undersigned, duly appointed commissioners of said town of Potter, pursuant to sections 2 and 3 of the said act, have hereunto set their hands and seals the first day of September, in the year of our Lord 1872.
“Morris B. Hynn, [seal.]
“Lyman Loomis, [seal.]
“John Southerland, [seal.]
“ Commissioners.
“Begistered in the county clerk’s office of Yates county, this sixth day of November, 1572.
“Witness my hand and the official seal of said county.
[seal.] “H. A. Hicks,
Deputy Clerk.”
Each coupon was in this form:
“The town of Potter will pay the bearer, at the county treasurer’s office of Yates county, in Penn Yan, New York, three and fifty one-hundredths dollars, on the first day of March, 1879, for six months’ interest on bond No. 3. Morris B. Plane, Lyman Loomis, John Southerland, Commissioners.”
The first section of the act of May 18, 1869, (Laws of New York, 1869, c. 907,) as amended by the act of May 12, 1871, (Laws of New York, 1871, c. 925,) provides as follows:
“Section 1. Whenever a majority of the tax payers of any municipal corporation in this state, who are taxed or assessed for property, not including those taxed for dogs or highway tax only, upon the last preceding assessment roll or tax list of said corporation, and who are assessed or taxed, dr represent a majority of the taxable property upon said last assess *520 ment roll or tax list, shall make application to the county judge of the county in which such municipal corporation is situate, by petition verified by one of the petitioners, setting forth that they are such majority of tax payers, and are taxed or assessed for, or represent, such a majority of taxable property, and that they desire that such municipal corporation shall create and issue its bonds to an amount named in such petition, and invest the same, or the proceeds thereof, in the stock or bonds (as said petition may direct) of such railroad company in this state as may be named in said petition, it shall be the duty of said county judge to order that a notice shall be forthwith pubished, ********* directed to whom it may concern, setting forth that, on a day therein named, * * * he will proceed to take proof of the facts set forth in said petition as to the number of tax payers joining in said petition, and as to the amount of taxable property represented by them. * * * The words ‘ municipal corporation,’ when used in this act, shall be construed to mean any city, town or incorporated village in this state, and the words ‘tax payer’ shall mean any incorporation or person assessed or taxed for property, either individually or as agent, trustee, guardian, executor or administrator, or who shall have been intended to have been thus taxed, and shall have paid, or are liable to pay, the tax as hereinbefore provided, or the owner of any non-resident lands taxed as such, not including those taxed for dogs or highway tax only. * *”
The second section of the act of 1869, as amended by the act of 1871, provides as follows:
“Sec. 2. It shall be the duty of the said judge, at the time and place named in the said notice, to proceed and take proof as to the said allegations in said petition, and if it shall appear satisfactorily to him that the said petitioners, or the said petitioners and such other tax payers of said municipal corporation as may then and there appear before him, and express a desire to join as petitioners in said petition, do represent a majority of the tax payers of said municipal corporation, as shown by the last preceding tax list or assessment roll, and do represent a majority of the taxable property *521 upon said list or roll, lie shall so adjudge and determine, and cause the same to he entered of record in the office of the clerk of the county in which said municipal corporation is situated, and such judgment and the record thereof shall have the same force and effect as other judgments and records in courts of record in this state. * * * The judge shall file the petition as part of the judgment roll. * * *”
The third section of the act of 1869 provides as follows:
“Sec. 3. If the said judge shall adjudge and determine that such petitioners do represent a majority of such tax payers, as aforesaid, and a majority of such taxable property, as aforesaid) it shall be his duty forthwith to appoint and commission three persons * * * to be commissioners for the purposes hereinafter named. * * *”
The fourth section of the act of 1869, as amended by the act of April 4, 1871, (Laws of New York, 1871, c. 283,) provides that it shall be the duty of such commissioners to cause to be made and executed the bonds of such municipal corporation, signed and certified by them, bearing interest at the rate of 7 per cent, per annum, payable semi-annnually, and also bearing interest warrants corresponding in number and amounts with the several payments of interest to become due thereon.
The fifth section of the act of 1869 empowers and directs such commissioner to subscribe in the name of such municipal corporation to the stock of the company named in such petition, to an amount equal to the amount of bonds so created by them, and to pay for the same by exchanging the said bonds therefor at par.
The sixth section of the act of 1869 provides that the bonds of any muncipal corporation issued pursuant to its provisions shall be a charge upon the real and personal estate within the limits thereof, and that the principal and interest thereof,, when due, shall be collected and paid in like manner as other-debts, obligations and charges against the said municipal corporation.
The act of April 28,1870, (Laws of New York, 1870, c. 507,) as amended by section 5 of the act of May 12,1871, provides- *522 that the supreme court, at general term, shall have power at any time, by the usual process of said court in like cases, on notice and for good cause shown, to prevent, by injunction, the issuing of the bonds.
Section 4 of the act of May 12, 1871, pro vides as follows: “Review of proceedings under the acts hereby amended,” (that is 1869, c. 907, and 1870, c. 507,) “shall be by certiorari, and no certiorari shall be allowed unless said writ shall be allowed within 60 days after the last publication of the notice of the judge’s final determination, as provided in section 2 of this act. ****** On the return of the certiorari the court out of which the same issued shall proceed to consider the matter brought up thereby, and shall review all questions of law or of fact determined for or against either party by the county judge. And the said courts, or court of appeals, in appeals now pending, and in all future proceedings, may reverse, or affirm, or modify, in all questions of law or fact, his final determination, or may remand the whole matter back to said county judge to ba .again heard and determined by him. * * * Applications for certiorari shall be on notice. On review, persons taxed for dogs or highway tax only shall not be counted as tax payers, unless that claim was made before the county judge. * * *”
At the trial the plaintiff put in evidence the judgment roll of the judgment of the county judge of the county of Yates, recorded and entered in the book of judgments of that county on the ninth of October, 1871. There is, first, the petition, which was filed with the county judge on the fourth of August, 1871, and bears 246 signatures. It is in these words: “To the Honorable, the County Judge of the County of Yates: The undersigned respectfully represent that they are a majority of the tax payers of the town of Potter, in the county of Yates, whose names appear upon the last preceding tax list or assessment roll of said town as owning or representing a majority of the taxable property in the corporate limits of said town; and they further represent that they desire that said town of Potter shall create and issue its bonds to the *523 amount of $30,000, the same not exceeding 20 per cent, of the whole amount of taxable property shown hy said tax list and assessment roll, and invest the said bonds in the stock of the Geneva & Southwestern Eailway Company, a railroad corporation in the state of New York, and that for this purpose commissioners may be appointed and such proceedings may be had as are prescribed by an act to authorize the formation of railroad corporations and to regulate the same, passed April 2, 1850, and an act passed May 18, 1869, amendatory thereof, and acts amendatory of the same.”
Then follows, appended to the petition, an affidavit made by Emmett C. Dwelle, sworn and subscribed before the county judge on the fourth of August, 1871, in these words:
“State of New York, Yates County, — ss.:
“Emmett G. Dwelle, being duly sworn, deposes and says that he resides in the town of Potter, in the county of Yates and state of New York, and is a tax payer in said town of Potter upon real and personal property therein taxed; that he is one of the petitioners named in and who signed the annexed petition; that he has read the same and knows the contents thereof, and that he believes the same to be true; that the petitioners whose names are signed to said petition are a majority of the tax payers of said town of Potter, Yates county, and state of New York, who are taxed or assessed for property therein, not including those taxed for dogs or highway tax only, whose names appear upon the last preceding assessment roll or tax list of said town of Potter, and who are assessed or taxed, or represent a majority of the taxable property upon said last assessment roE or tax list; that he knows the same by an actual inspection of said assessment roll or tax list, and by comparing the same with the said petition and the names thereto signed; that, from his own knowledge as to part of the signatures of said petitioners who have signed said petition as aforesaid, and upon information and belief as to the rest of said signatures, this deponent verily believes the same to be true and genuine; that, as appears by said petition, such petitioners desire that said town of Potter shall create and issue its *524 bonds to the amount named in said petition, to-wit, the sum of $30,000, and invest the same in the stock of the Geneva & Southwestern Railway Company, a railroad company existing in the said state of New York; that said sum of $30,000 does not exceed 20 per cent, of the whole amount of taxable property, as shown by said assessment roll or tax list.”
To the petition and affidavit is appended the judgment oí the county judge, in these words:
“In the matter of the application of certain tax payers of the town of Potter, for leave to create and issue the bonds of said town, and invest the same in the stock of the Geneva & Southwestern Railroad Company. Before William S. Briggs, Yates County Judge.
“Whereas, on the 4th day of August, 1871, an application was made to the county judge of the county of Yates, by certain tax payers of the town of Potter, in said county, purporting to be a majority of the taxpayers of said town, whose names appear upon the last preceding tax list or assessment roll of said town as owning or representing a majority of the taxable property in the corporate limits of such town, by petition, verified by one of said petitioners, setting forth that they are a majority of the tax payers of the said town whose names appear upon the last preceding tax list, or assessment roll, of said town, as owning or representing a majority of the taxable property in the corporate limits of said town, and that they desire that said town of Potter shall create and issue its bonds to the amount of $30,000, the sum not exceeding 20 per cent, for the whole amount of taxable property, as shown by said tax list and assessment roll^ and invest the said bonds in the stock in the Geneva & Southwestern Railway Company, a corporation in this state» and that for this purpose commissioners might be appointed, and all and singular such proceedings be had requisite for the purpose, pursuant to the statute in such cases made and provided, whereupon, said county judge, on said fourth day of August, 1871, pursuant to the statute, duly made an order that a notice should be forthwith published in the Penn Yan *525 Express, a newspaper printed and published at Penn Tan, in the town of Milo, in said county of Yates, directed ‘to whom it may concern/setting forth that on the twenty-fifth day of August, 1871, at 10 o’clock in the forenoon of that day, the said county judge would proceed to take proofs of the facts set forth in the said petition, as to the number of tax payers of said town joining in said petition, and as to the amount of taxable property represented by them, and such other matters as might be proper in the premises; and whereas, on the said twenty-fifth day of August, 1871, at 10 o’clock in the forenoon of that day, proof by affidavit having been duly made to the said county judge of the proclamation of said notice pursuant to such order as aforesaid, the parties interested in said matter and proceedings appeared before said county judge, at' his office in Penn Yan, aforesaid — Hon. E. B. Potter and D. B. Prasser appearing as counsel for said petitioners, and in favor of said application, and no one appearing opposed to said application, — and on that day made proofs and allegations before me of the facts set forth in said petition, as to the number of tax payers of said town of Potter joining in such petition, and as to the amount of taxable property represented by them, as shown by the last preceding tax list or assessment roll of said town, and the whole amount of taxable property of said town, as shown by the said last preceding tax list or assessment roll, and of all other facts necessary to be taken into consideration relating thereto; and other tax payers of said town of Potter then and there appeared before said county judge, and expressed a desire to join as petitioners in said petition, and did so join as petitioners in said petition, and proof being taken as to the number of tax payers in said petition, and as to the amount of taxable property represented by them, as appearing upon the said tax list or assessment roll, and, after hearing the argument of the counsel aforesaid, it appearing satisfactorily to the said county judge that the said petitioners whose names appear upon the said tax list or assessment roll, and the other tax payers aforesaid of said town who did then and there on such proceedings appear before him, and express a *526 desire to join as petitioners in said petition as aforesaid, and did so join, and whose names also appear upon said tax list or assessment roll, do represent a majority of the tax payers of said town of Potter, as shown by the said last preceding tax list or assessment roll, the same being the tax list or assessment roll of the year 1870, and do represent a majority of the taxable property of the said town of Potter, as shown by said last preceding tax list or assessment roll, that the said amount of bonds named in such petition does not exceed 20 per cent, of the whole amount of taxable property, as shown by the said tax list or assessment roll, and it is hereby adjudged and determined by the said county judge, and the said county judge doth hereby adjudge and determine, in pursuance of the statutes in such ease made and provided, that the said petitioners whose names appear upon said tax list or assessment roll, and the other tax payers, aforesaid, of said town who did then and there on such proceedings appear before him, and express a desire to join as petitioners in said petition as aforesaid, and did so join, and whose names also appear upon said tax list or assessment roll, do represent a majority of the tax payers of said town of Potter, as shown by said last preceding tax list or assessment roll, the same being the tax list or assessment roll of the year 1870, and do represent a majority of the taxable property of said town of Potter, as shown by said preceding tax list or assessment roll; and the said county judge hereby orders and directs that this judgment and determination be duly entered of record with the clerk of the county of Tates aforesaid, and the said county judge, in pursuance of the statute in such cases made and provided, doth hereby order; adjudge and decree that Morris B. Minn, John Southerland, and Lyman Loomis, who are freeholders, residents and tax payers within the corporate limits of the said town of Potter, be and they are hereby appointed and commissioned by said county judge as commissioners for said town of Potter, for the purposes and uses provided for in chapter 907 of the Laws of the State of New York for the year 1869, and acts amendatory of the laws. In witness whereof, the said county *527 judge hath hereunto set his hand, this twenty-sixth day of September, 1871. William S. Briggs, Yates County Judge.”
It is contended for the defendant that the petition to the county judge was not drawn in conformity with the statute, and, therefore, did not confer jurisdiction upon him to entertain the proceeding or to render any judgment therein; that the proceeding was commenced after the act of May 12,1871, took effect; that the petition was drawn according to the act of 1869, as originally passed, and not according to that act as amended by the act of May 12, 1871 ; that the petition does not exclude persons taxed for dogs and highway tax only; that it does not include the owners of non-resident lands, taxed as such; that all that the petitioners assert in the petition is that they are a majority of the taxpayers whose names appear upon the tax list or assessment roll; that such assertion included persons taxed for dogs and highway tax only, but does not include the owners of non-resident lands, taxed as such; that the petitioners do not assert that they are a majority of the tax payers “who are taxed or assessed for property, not including those taxed for dogs or highway tax only,” as required by the act of May 12, 1871; that the petitioners might be a majority of the tax payers of the town, including those taxed for dogs, and they might own or represent a majority of the taxable property appearing on the tax list, and yet not be a majority of the tax payers who are assessed or taxed for property, not including those taxed for dogs or highway tax only; and that the language of the petition is not equivalent to the language of the statute.
In The People v. Spencer, 55 N. Y. 1, the court of appeals of New York held, under the act of 1869, as amended by the act of May 12, 1871, that where the petition to the county judge did not show that the railroad company, in aid of which the bonds were to be issued, was a railroad company “in this state,” the county judge had no jurisdiction to entertain the proceeding. That point was taken before the county judge, but he overruled it, and made an adjudication directing the bonding of the town, and his judgment was affirmed by the general term of the supreme court, on certiorari. On appeal, *528 the court of appeals, on the ground above stated, reversed the judgments below. That was a direct proceeding, before any bonds had been issued, and, in the decision, the court of appeals said: “In this case the rights of third persons are not in question, and we can, without injustice to any one, affirm the conclusion we have reached, that the county judge did not acquire jurisdiction of the proceedings, on the ground of the omission to state in the petition that the company named therein was a corporation in this state.”
In The People v. Smith, (55 N. Y., 135,) the court of appeals of New York held, under the same two statutes, that the petition, in order to give the county judge jurisdiction, must show that the petitioners are not only a majority of the tax payers of the municipal corporation to which it relates, but that they are a majority, “not including those taxed for dogs or highway tax. only.” In that case the county judge, on a petition which did not show that the petitioners were a majority, “not including those taxed for dogs or highway tax only,” had refused to make an adjudication for the bonding of the town. The general term of the supreme court reviewed his order, and remanded the case for a rehearing before him, and the court of appeals reversed the judgment of the general term.. “The court of appeals said the petition in this case did not show that the petitioners were a majority of the tax payers of the town of Gorham, excluding those taxed for dogs or highway tax only, and the county judge acquired no jurisdiction of the proceedings. His authority could only be revoked by the presentation of a petition in conformity with the statute, and he could not, on his own motion, dispense with the performance of a condition precedent to the exercise of the authority conferred by the act.” The petition in that case contained no allusion to persons taxed for dogs or highway tax only, nor did the affidavit of verification, so far as appears. It was a direct proceeding before any bonds had been issued.
In Wellsboro v. N. Y. & C. R. Co. 76 N. Y. 182, the county judge, on a petition under the same two statutes, which made no reference to persons taxed for dogs or highway tax *529 only, had made an adjudication for the bonding of the town and appointed commissioners. Before the bonds were issued the town brought a suit against the commissioners and the railroad company to annul the adjudication of the county judge, and to restrain the issuing of the bonds. The special term and the general term of the supreme court gave judgment for the plaintiff. The court of appeals held that the petition to the county judge was defective, and conferred no jurisdiction on the county judge to entertain the application or to make an adjudication, because it averred merely that a majority of the taxable property of the town, not including taxes for dogs and highways, was represented by the petitioners, and did not aver that the petitioners were a majority of the tax payers, excluding those taxed for dogs or highways only, and that the petition might be true although the petitioners were less than a majority of the tax payers, excluding the classes of tax payers who were not qualified petitioners. There does not appear to have been anything in the affidavit of verification to obviate the defect pointed out. The court of appeals said: “We are not disposed to relax the stringency of the rules we have heretofore adopted, and, least of all, in a case like the one before us, where bonds have not been issued, and the question presented is whether the preliminary proceeding shall be consummated and a debt against the town created.
Assuming that this were a case of a direct proceeding to reverse or annul the adjudication of the county judge brought before the issuing of any bonds, and to be determined according to the rules laid down by the court of appeals of New York in the cases above cited, it must be held that the county judge acquired jurisdiction to entertain the proceeding and make adjudication.
The act of May 12,1871, provides that the words “tax payer,” when used in that act, shall include “the owner of any nonresident lands taxed as such,” and shall not include “those taxed for dogs or highway tax only. ” The statute provides that the application is to be made “by petition, verified by one of the petitioners, setting forth that the petitioners are *530 such majority of tax payers,” (that is, "a majority of the tax payers of the town who are taxed or assessed for property, not including those taxed for dogs or highway tax only, upon the last preceding assessment roll or tax list of the town, and who are assessed or taxed for, or represent, a majority of the taxable property upon said last assessment roll or tax list,”) “and are taxed or assessed for, or represent, a majority of taxable property,” (that is, “a majority of the taxable property upon said last assessment roll or tax list;”) “and that they desire that such municipal corporation shall create and issue its bonds to an amount named in such petition, and invest the same, or the proceeds thereof, in the stock or bonds, as said petition may direct, of such railroad company in this state as may be named in said petition.”
Although the petition proper, in this case, signed by the 246 petitioners, omits the clause as to dogs and highway tax, yet the petition and the verification to it, taken together, contain and set forth all the matters required by the strictest interpretation of the statute. It is sufficient, under the statute, if the verified petition sets forth the required matters. It is the petition so verified that is to set them forth. The verification is a part of the petition, and the petition includes the petition proper and the verification. The petition verified by one of the petitioners is to be regarded as verified by all of them. The verification is to be taken as made by all who signed the petition. The statute authorizes one to verify for all. “The application is to be made by a verified petition.” The application, consisting of the verified petition, — that is, of the petition proper and the verification, — is to set forth so and so. In this case it does so, within the strictest rule laid down by the court of appeals of New York.
It was not necessary that the petition or verification should refer to the owners of non-resident lands taxed as such. The statute defines the words “tax payer” as including and meaning “the owner of any non-resident land taxed as such.”
Therefore, when the petition and verification use the words “tax payer,” they include thereby, necessarily, the owners of non-resident lands taxed as such.
*531 The judgment of the county judge states as appearing satisfactorily to him everything which the statute says must appear satisfactorily to him, and adjudges and determines everything which the statute says he must adjudge and determine. The statute in this respect uses only the words “tax payers,” and the judgment uses only the words “taxpayers.” What those words mean in the section of the statute which relates to the proofs and the judgment is defined by the statute itself. But, aside from the foregoing views, it must be held in this case that as against the plaintiff, as a bona fide holder, for value, of the coupons in suit, the town is estopped from questioning the invalidity, after it has accepted and retained the stock for which the bonds and coupons were issued, and has paid the interest on the bonds for so long a period of time. Such conduct was a direct ratification of the acts of those who issued the bonds. It was a ratification made with full knowledge on the part of the town of the defect now alleged to have existed. Supervisors v. Schenck, 5 Wallace, 772; Pendleton Co. v, Amy, 13 Wallace, 297; Commissioners v. January, 4 Otto, 202.
There must be a judgment for the plaintiff for $980, with interest, from March 1, 1879, and for $980, with interest, from September 1, 1879.