## THIRD NATIONAL BANK OF SYRACUSE *v.* TOWN OF SENECA FALLS.

*(Circuit Court, N. D. New York.* 1883.)

1. MUNICIPAL BONDS—ISSUE OF—TRANSFER FOR PURPOSE OF SUIT.

    Courts are not permitted to invalidate transactions between vendor and vendee upon a mere presumption or conjecture of fraud. A party seeking the dismissal of a suit on the ground that the claim was transferred for the purpose of making a case within the jurisdiction of the court, must establish the invalidity of the transfer by sufficient proof.

2. SAME—AMENDATORY ACTS.

    An act which amends a general law by extending its provisions, cannot properly be called "a private or local bill," and hence would not come within the terms of the section of a state constitution which provides that no "private or local bill" which may be passed shall embrace more than one subject, which shall be expressed in the title.

3. SAME—OMISSION OF IMMATERIAL STATEMENTS.

    Omissions of immaterial statements in a petition or other document, provided for by statute, are not sufficient to invalidate it, provided that all the material statements conform to the statute, and are free from ambiguity and doubt.

4. SAME—RECITALS IN MUNICIPAL BONDS—ESTOPPEL.

    Where municipal bonds recite on their face that they are issued pursuant to the statute providing therefor, the town is estopped, in an action by a *bona fide* holder, from questioning the truth of the recital. It cannot take advantage of irregularities committed by its own agents.

5. SAME—RATIFICATON—ESTOPPEL.

    Where a town has received railroad stock, and issued therefor its bonds, and has paid the interest on such bonds for a succession of years without objection, it is estopped by its own acts, which amount to a ratification and confirmation,.

6. SAME—QUESTIONS PRELIMINARY TO ISSUE OF BONDS.

    The judgment and determination of a town officer, charged by law with the duty of deciding the questions preliminary to the issue of bonds, is conclusive until reversed in a direct proceeding by an appellate court.

*Hiscock, Gifford & Doheny* and *George F. Comstock,* for plaintiff.

*Patrick J. Rogers, Cornelius E. Stephens,* and *James L. Angle,* for defendant.

COXE, J. This action is brought upon interest warrants originally attached to bonds alleged to have been issued by the defendant. It is urged by the defendant that the suit should be dismissed pursuant to the fifth section of the act of March, 1875, on the ground that the demands in suit were improperly and collusively transferred for the purpose of creating a case within the jurisdiction of the court. This question should not be decided upon conjecture; the court is not permitted to speculate as to the nature of the transaction between vendor and vendee. If suspicion were allowed to take the place of proof, it is not unlikely that a conclusion favorable to the defendant's theory

might be reached. The evidence, however, establishes a valid transfer. *Allen* v. *Brown*, 44 N. Y. 228; *Stone* v. *Frost*, 61 N. Y. 614; *Sheridan* v. *The Mayor*, 68 N. Y. 30. No authority is produced holding a dismissal proper unless the proof establishes something more than is developed here. *Lanning* v. *Lockett*, 10 FED. REP. 451; *Marion* v. *Ellis*, Id. 410; *Collinson* v. *Jackson*, 14 FED. REP. 305.

The amendment—passed in 1870—to the general bonding act of 1869, extended its provisions to the three counties of Seneca, Yates, and Ontario, which were originally excepted from the operation of the act. Defendant contends that the amendatory act is in contravention of section 16, art. 3, of the constitution of New York, which provides that "no private or local bill, which may be passed by the legislature, shall embrace more than one subject, and that shall be expressed in the title." This position cannot be maintained. An act which amends a general law by making it more general, cannot properly be called "a private or local bill."

Criticism is made that the verification of the petition addressed to the county judge of Seneca county is defective because it is susceptible of a construction at variance with the requirements of the bonding act. It is asserted that the affiant states simply that the petitioners are a majority of the tax-payers, and not that they are a majority of the tax-payers *whose names appear upon the last* preceding tax-list, as required by the statute; that the verification might be true, even though a majority of the tax-payers, whose names appeared on the last tax-list, did not, in fact, unite in the petition.

It is also said that the last paragraph of the affidavit, viz., "Deponent further says that all the allegations in said petition are true, to his own knowledge or belief," relates to and qualifies all preceding allegations, so that the whole affidavit must be considered as if made on information and belief.

Even if the defendant were in a position to raise these questions, it is thought that the objections are not well taken; that the verification and petition, when considered together, conform sufficiently to the statute, and are free from ambiguity and doubt. The petition states everything positively, and everything required by the statute; this is conceded, at least the petition is not assailed because of any irregularity or omission in this respect. Regarding the verification, the statute provides that the petition is to be "verified by one of the petitioners;" no precise form is designated or required. The averments complained of, even though they bore the construction sought to be given them by the defendant, were not necessary and may be

treated as surplusage. Nothing is there stated inconsistent with prior allegations admitted to be adequate.

There was, doubtless, no necessity for the statement that at the date of the jurat the petitioners were a majority, but if there was sufficient in the affidavit without it, it is not easy to see how the proceedings were injuriously affected, more than they would be by an allegation that the petitioners were all taxed upon real estate, or were all over 21 years of age. If such statements were immaterial, they surely were innocent.

As to the other propositions argued by the defendant, it may be said generally that where the bonds recite on their face that they are issued pursuant to the statute, the town is estopped, in an action by a *bona fide* holder, from questioning the truth of the recital; it cannot take advantage of irregularities committed by its own agents. The court is not permitted to controvert the judgment of the officer charged by law with the duty of deciding the questions preliminary to the issue of the bonds. His determination is conclusive until reversed in a direct proceeding by an appellate court. These propositions have been so often and so recently decided by this court, and by the supreme court, that it is not thought necessary to enter into any general discussion of the principles upon which they rest. There can be little doubt that the law as stated is the law which this court is compelled to follow. But in addition to these general considerations there are other reasons which must preclude this defendant from questioning the validity of the proceedings before the county judge. The bonds were issued in July, 1871; the first default in the payment of interest occurred in January, 1876. Having received and retained the stock of the railroad company, and having paid nine installments of interest on the bonds, the town is concluded by its own acts, which amount to a ratification and confirmation. *Whiting* v. *Town of Potter*, 18 Blatchf. 165, 180, and cases cited; [S. C. 2 FED. REP. 517.]

It follows that there must be a judgment in favor of the plaintiff for the amount demanded in the complaint.