## RICH v. TOWN OF MENTZ.

### (*Circuit Court, N. D. New York.* September, 1883.)

1. **MUNICIPAL BONDS—OMISSION OF CERTAIN ALLEGATIONS IN A PETITION OF TAX-PAYERS.**

   An act providing for the issue of bonds, and stating that certain parties shall be deemed tax-payers and others shall not, does not make two classes of tax-payers,—it makes one; and a petition alleging that the signers are a majority of the tax-payers of the town is not invalidated by the omission to state the words "not including those taxed for dogs or highway tax only," notwithstanding such negative clause was used in the act providing for the issue of bonds, and for the reason that, in defining the word "tax-payer," the act expressly excludes persons so taxed.

2. **SAME—ENFORCEMENT OF MUNICIPAL BONDS BY THE FEDERAL COURTS.**

   In proceedings for the enforcement of payment of municipal bonds, the policy of the federal courts is to sustain, if possible, the validity of the bonds, and they will refuse to invalidate the same, except for grave and serious infirmities. Even where the question which arises is a doubtful one, a construction should be given to the statute which upholds the bonds, rather than one which invalidates them in the hands of a *bona fide* holder.

At Law.

*James R. Cox,* for plaintiff.

*F. D. Wright,* for defendant.

COXE, J. This action is upon coupons cut from bonds purporting to have been issued by the defendant. At the trial the plaintiff had a verdict. The defendant now moves for a new trial. The point disputing the sufficiency of the petition is the only one that will be considered. The petition was presented to the county judge in May, 1872. At that time chapter 925 of the Laws of 1871 was in force. Section 1 provides:

"Whenever a majority of the tax-payers of any municipal corporation in this state who are taxed or assessed for property, *not including those taxed for dogs or highway tax only*, upon the last preceding assessment roll or tax-list of said corporation, and who are assessed or taxed, or represent a majority of the taxable property, upon said last assessment roll or tax-list, shall make application to the county judge of the county in which such municipal corporation is situate, by petition, verified by one of the petitioners, setting forth that they are such majority of tax-payers, and are taxed or assessed for

or represent such a majority of taxable property, and that they desire, etc. * * * The words 'municipal corporation,' when used in this act, shall be construed to mean any city, town, or incorporated village in this state; and the word 'tax-payer' shall mean any corporation or person assessed or taxed for property, either individually or as agent, trustee, guardian, executor, or administrator, or who shall have been intended to have been thus taxed, and shall have paid, or are liable to pay, the tax as hereinbefore provided, or the owner of any non-resident lands, taxed as such, *not including those taxed for dogs or highway tax only;* and the words 'tax-list or assessment roll,' when used in this act, shall mean the tax-list or assessment roll of said municipal corporation last completed before the first presentation of such petition to the judge."

The petition is in the following words:

"*To the Honorable, the County Judge of the County of Cayuga, New York:* The petition of the subscribers hereto respectfully shows that they are a majority of the tax-payers of the town of Mentz, in the county of Cayuga and state of New York, whose names appear upon the last preceding assessment roll or tax-list of said town of Mentz, as owing or representing a majority of the taxable property in the corporate limits of the said town of Mentz; that they are such a majority of tax-payers, and are taxed or assessed for or represent such a majority of taxable property," etc.

It is argued that the omission of the words "not including those taxed for dogs or highway tax only," from the petition, rendered the whole proceeding before the county judge *coram non judice,* null, and void. The state courts have adopted this view in several reported cases. *People* v. *Spencer,* 55 N. Y. 1; *People* v. *Smith,* Id. 135; *Wellsboro* v. *N. Y. & C. R. R.* 76 N. Y. 182; *Metzger* v. *Attica & A. R. R.* 79 N. Y. 171.

After careful consideration, it is thought that the petition contains all that the law requires.

The pleader looked at the act and saw the word "tax-payer" there defined to mean a person taxed for property, "*not including* those taxed for dogs or highway tax only." A person taxed only for these, was not, so far as the bonding proceedings were concerned, a tax-payer. When the petition recited that the petitioners were a majority of the tax-payers, why did it not contain all that the strictest interpretation of the law required?

Those taxed for dogs, etc., were *not* tax-payers. Can it be possible that it was neccessary for the petitioners, having shown what they *were,* to show, in addition, what they *were not?* They might have recited that they were *not* aliens, or Indians, or infants, or lunatics, or taxed for dogs only; they might have alleged affirmatively that some of the signers were "corporations;" that others were "assessed or taxed for property individually;" others, still, "as agents" or "trustees." They did not proceed, however, upon any such awkward and cumbersome theory. The act provides that certain parties shall be deemed tax-payers, others shall not. It does not make two classes of tax-payers by any means; it makes *one* class, and declares that all who are not in that class are not tax-payers. The law said to the

pleader and to the judge, use the word "tax-payer," for by so doing you include all who have a right to sign, and exclude all who have not that right. A person taxed only for a dog could not truthfully sign a petition which stated that he was a tax-payer. Should he do so, an affidavit averring that the signers were all tax-payers would be false. Suppose that the statute, instead of including corporations in the definition of "tax-payer," had excluded them. Would it still have been necessary to allege in the petition that the "petitioners are a majority of the tax-payers, *excluding corporations?*" No! Because the act, by express terms, had made this unnecessary. The petition was drawn under and refers to the law; its language is equivalent to the language of the statute. The same section defines the words "municipal corporation" to mean any "city, town, or incorporated village." The petitioners allege that "they are a majority of the tax-payers of the town of Mentz." Why is not the petition criticised for omitting to state that the town of Mentz is a "municipal corporation?" Doubtless, because the act provides that the word "town" and the words "municipal corporation" are synonymous, and any further description would be useless verbiage. The object of the petition is to place the subject before the county judge for judicial inquiry; it is not *evidence* of any fact upon which the judge can act. He is required to take proof at the hearing, at which time tax-payers *not on the petition* may appear before him and be counted. Section 2. As well might it be asserted that the petition should set forth a copy of the assessment roll, with the metes and bounds of every tax-payer's real estate, and a full abstract of title, together with other *evidence* of his right to sign the petition, as that it should set forth the negative averment as to dogs, etc.

It will be observed that the definition of the word "tax-payer," and the words "excluding those taxed for dogs," etc., appear for the first time in the act of 1871. Without this definition there would be some plausibility in the argument of the defendant; with it, the position becomes untenable. To reiterate what has been already said, where can be the propriety of requiring the pleader to aver that "the subscribers are a majority of the tax-payers of the town, *excluding those who are not tax-payers?*" This language seems absurd enough, and yet why is it not carrying the argument to its logical conclusion? The contention that the statute provides that the petitioners must state "that they are *such* a majority," and that the word "such" refers to a majority, after excluding those taxed for dogs, loses its force when it is remembered that the same word appears in chapter 907 of the Laws of 1869, and therefore cannot with propriety be said to refer to a clause which does not appear at all in the original act.

There is no pretense that, in fact, any person taxed only for dogs or highways signed the petition or was counted by the judge; the point argued is purely a technical one, of statutory construction, and, for the reasons given, it must be overruled. The federal courts,

which have with great unanimity sustained the validity of municipal bonds, should hesitate long before accepting the forced and narrow interpretation contended for by the defendant. These solemn obligations, issued to invite the investors of the world, should not be invalidated except for grave and serious infirmities. Even if the question were a doubtful one, a construction should be given to the statute which upholds the bonds, rather than one which turns them to ashes in the hands of a *bona fide* holder. *Town of Aroma* v. *Auditor of State,* 15 FED. REP. 843. The views here expressed were entertained by the learned judge who wrote the opinion in *Whiting* v. *Town of Potter,* 18 Blatchf. 165; [S. C. 2 FED. REP. 517.] The reasoning there, by implication, at least, disposes of the question here.

It is, of course, unnecessary to discuss the same proposition with reference to the judgment; if the words were not needed in the petition they were not needed in the judgment. Besides, the act simply requires the judge to determine that the petitioners represent, in number and amount, "a majority of the *tax-payers,*" without qualification or exception.

The statute provides that the review of the proceedings of the county judge *shall* be by *certiorari,* and it may well be doubted, in view of the facts,—the town having received and retained the stock, and paid interest for two or three years,—whether the objections raised, even if available in a direct proceeding, can be taken advantage of in a suit by a *bona fide* holder. *Whiting* v. *Town of Potter, supra; Miller* v. *Town of Berlin,* 13 Blatchf. 245; *Town of Orleans* v. *Platt,* 99 U. S. 676; *County of Tipton* v. *Locomotive Works,* 103 U. S. 523; *Walnut* v. *Wade,* Id. 683; *Menasha* v. *Hazard,* 102 U. S. 81; *Block* v. *Com'rs,* 99 U. S. 686; *Johnson Co.* v. *January,* 94 U. S. 202; *East Lincoln* v. *Davenport,* Id. 801; *Schuyler Co.* v. *Thomas,* 98 U. S. 169; *San Antonio* v. *Mehaffy,* 96 U. S. 312; *Town of Coloma* v. *Eaves,* 92 U. S. 484; Dill. Mun. Corp. § 418; *Hackett* v. *Ottawa,* 99 U. S. 86; *Weyauwega* v. *Ayling,* Id. 112; *Calhoun* v. *Delhi & M. R. R.* 28 Hun, 379.

I have examined the other propositions argued, and think none of the positions well taken.

---

Since the foregoing was written I have had a consultation with the circuit judge, and have concluded, in view of the contrary opinion recently expressed by him in *Cowdrey* v. *Town of Caneadea,* 16 FED. REP. 532, and in view of the fact that the validity of other large issues of bonds depends upon the determination of these identical questions, that the most satisfactory disposition that can be made of this motion is to set aside the verdict, and order a new trial before the two judges sitting together. A uniform rule for the future may then be established.

New trial ordered.