THOMAS W. BROWNELL, PLAINTIFF, *v.* THE TOWN CF GREENWICH, DEFENDANT.

*Town bonds — not deemed to be issued until actually sold — 1869, chap. 907, as amended by chap. 925 of 1871 — the commissioners are presumed to have acted in accordance with statute — ratification of acts of the commissioners by the town.*

This controversy was submitted upon a case containing a statement of facts. agreed upon by the parties, from which it appeared that on the 21st day of March, 1871, the county judge of Washington county made a judgment or order which recited, among other things, that certain taxpayers of the town of Greenwich had applied by petition, duly verified and presented under and by virtue of the provisions of chapter 907 of 1869, setting forth that the petitioners were a majority in number of the taxpayers on the last preceding tax-list or assessment-roll of the town, and that they asked and desired that the bonds of the said town may be created and issued in aid of a railroad, in the manner specified by said chapter 907 of 1869, to the amount of $40,000, and that the said town bonds may be invested in the second mortgage bonds of said company, at eighty cents on the dollar. The order or judgment then duly " adjudged and determined " that the allegations of the said petition were proved and established, and that the said petitioners represented a

majority of the taxpayers of the town, as shown on the last preceding tax-list or assessment-roll, and a majority of the taxable property of said town upon said list.

It was also stated in the case that immediately after the entry of this judgment the county judge duly appointed three commissioners, who duly accepted the said office and prepared eighty bonds of $500 each, purporting to be bonds of the said town, each dated March 25, 1871, payable on July 1, 1891, with coupons attached, which bonds were placed in the hands of one Andrews, who was also the treasurer of the railroad company, for sale, with directions to sell the same for said commissioners; that the said Andrews proceeded to do so as opportunity offered, at par for cash, placing the money to the credit of the railroad company, and after completing the sale of the entire series he delivered to said town commissioners the railroad mortgage bonds, amounting to $50,000.

On July 1, 1871, the plaintiff purchased five of the said town bonds, paying in cash the par value thereof. Interest on the bonds was paid by the railroad until 1877, and by the town for the years 1877, 1878 and 1879.

*Held,* that the jurisdiction of the county judge of Washington county to pronounce the judgment authorizing the issue of the bonds by the commissioners, and the exchange of the same for second mortgage railroad bonds, was clearly established by the stipulation and was not an open question in this case.

That, although the bonds were, at the time of their execution and delivery to Andrews, void on their face, because made payable in twenty years from date instead of being made payable at the expiration of thirty years as was required by the act under which they were issued, yet as the bonds in question were not actually sold until July, 1871, and as they were not, in a legal sense, issued until they were so actually sold, their validity was to be determined by the law as it then existed, and not by the law existing at the time of their issue by the commissioners.

That being so treated they were valid, as at that time section 4 of chapter 907 of 1869 had been amended by section 6 of chapter 925 of 1871 by adding at the end thereof the following provision: "The said commissioners may issue the said bonds, payable at any time they may elect, less than thirty years, any law heretofore passed to the contrary, out they shall not so issue such bonds that more than ten per cent of the principal of the whole amount of bonds issued shall become due or payable in any one year."

*Potter* v. *Town of Greenwich* (26 Hun, 326; affirmed 92 N. Y., 662) distinguished.

That a claim made by the defendant that the bonds in question were void, because issued in violation of that provision of the act of 1871, which restricted the power of the commissioners to make more than ten per cent of the bonds become due in any one year, could not be sustained as the case did not show when the other bonds were negotiated, nor whether they were sold before or after the time at which the bonds were sold to the plaintiff

That it was the duty of the court to hold, unless the contrary appeared from the case, that the commissioners did their duty according to law, and that these bonds were issued under the act of 1871, and were not in excess of the amount

which they were authorized to sell, maturing at the time mentioned upon the face of the bonds.

*Whiting* v. *Town of Potter* (18 Blatch., 165) followed.

That the subsequent acts of the town and its officers in accepting and retaining the bonds of the railroad company, and in voluntarily paying several install-ments of interest, were to be taken and treated as an admission on the part of the town that the bonds in question were issued under chapter 925 of 1871.

*Peterson* v. *Mayor* (17 N. Y., 453); *Hoyt* v. *Thompson, Executor* (19 N. Y., 218) followed.

SUBMISSION upon a case containing an agreed state of facts under the provisions of sections 1279, 1280, 1281 of the Code of Civil Procedure.

The action which this submission is intended to determine was commenced between these parties on the 31st day of December, 1884. The case shows that the plaintiff is of full age and a resi-dent of Washington county, and that the defendant is a municipal corporation and constitutes one of the towns of Washington county; that the Greenwich and Johnsonville Railroad Company is, and was at the time referred to in the stipulation a corporation duly organ-ized and incorporated under the Laws of the State of New York as a railroad corporation, and as such has constructed and is operating a railroad between the village of Johnsonville in the county of Rensse-laer, and the village of Greenwich in the town of Greenwich, in the county of Washington, and has its principal office and depot and terminal buildings in the town of Greenwich. The case shows that in 1870 said railroad company was endeavoring to extend said railroad into the town of Greenwich in the county of Washington, and for that purpose and to raise the necessary funds therefor, authorized and caused to be issued bonds for $50,000, secured by a second mortgage on said railroad and its franchises; that on the 21st day of March, 1871, the county judge of Washington county duly adjudged, determined and ordered, as set forth in the judg-ment or order made and which is fully set out in the case and con-stitutes a part of the same.

In and by that judgment it is recited that certain taxpayers of the town of Greenwich have applied to the county judge of Wash-ington county, State of New York, the county in which said town is located, by their petition duly verified and presented under and by virtue of the provisions of chapter 907 of the Laws of 1869

setting forth the due incorporation under the Laws of New York of the said Greenwich and Johnsonville Railroad Company; that said petitioners are, severally, taxpayers of said town of Greenwich, whose names respectively appear upon the last preceding tax-list or assessment-roll of said town, owning and representing a majority of the taxable property within the limits of said town; and that said petitioners were a majority in numbers of the taxpayers on the last preceding tax-list or assessment-roll of said town; and that said petitioners, by said petition, ask and desire that bonds of said town of Greenwich may be created and issued in the manner specified in said chapter 907 of the Laws of 1869, to the amount of $40,000, and that said town bonds be invested in the second mortgage bonds of said railroad company at eighty cents on the dollar. The said judgment further recites the reading of said petition and of the order granted on the presentation thereof and of the taking due proof of the notice issued thereon and of the due publication of said notice and of the facts set forth in said petition. The order proceeds to adjudge and determine that the allegations of said petition are proved and established, and that the said petitioners do represent a majority of the taxpayers of the town of Greenwich, in Washington county, as shown by the last preceding tax-list or assessment-roll of' said town, and do represent a majority of the taxable property of said town upon said list or roll. This judgment was duly filed and entered of record in the county clerk's office of the county of Washington, on the 21st day of March, 1871. The case shows that the taxable property of the town of Greenwich, on the last preceding tax-list or assessment-roll was $1,404,696. The case also shows that immediately after the entry of the aforesaid judgment the county judge of Washington county appointed three commissioners, who were residents and freeholders within the town of Greeenwich, to be commissioners for said town for the purposes set forth in chapter 907 of the Laws of 1869, and that such commissioners duly accepted and qualified as such and entered upon the discharge of said office.

That said commissioners prepared or caused to be prepared eighty bonds of $500 each, purporting to be bonds of said town of Green-wich, subscribed and sealed by them as commissioners, and dated

March 25, 1871, payable on the 1st day of July, 1891, with coupons attached for the payment of the interest semi-annually at the rate of seven per cent per annum; said bonds were numbered consecutively from one to eighty, and placed in the hands of one Andrews, who was also the treasurer of the railroad company for sale, with directions to sell the same for said commissioners; that Andrews proceeded to do so as opportunity offered, at par for cash, and to place the proceeds to the credit of the railroad company, and after completing the sale of the entire series, he delivered to said town commissioners the railroad mortgage bonds, amounting to $50.000. None of the funds received by Andrews went into the hands of the railroad commissioners. Among the purchasers of said town bonds was this plaintiff, who, about July 1st, 1871, purchased Nos. 17, 18, 19, 20 and 21, paying therefor in cash the par value of $2,500, and is still the owner and holder of said bonds. The railroad company paid the interest on said bonds until the year 1877, and for the years 1877, 1878 and 1879, the town of Greenwich paid the interest semi-annually to Brownell and took up the coupons. Since 1879 the town has made no provisions for the payment of the interest on, or coupons of said bonds, and refuses to do so on the ground mainly that by chapter 907 of the Laws of 1869, the bonds are required to run thirty years and bonds given for twenty years, are, therefore, unauthorized and void.

The plaintiffs, before the commencement of this action, made various demands of the supervisor of said town of Greenwich for payment of the coupons, payment of the interest, payment of the $2,500 and interest, the issue of thirty year bonds, etc., all of which were declined and refused, the defendant insisting that by reason of the defects in the bonds, and the irregularities in their issue, no liability exists against the town of Greenwich which can be now enforced either at law or in equity.

*Westfall & Whitcomb,* for the plaintiff.

*Smith, Fursman & Cowen,* for the defendant.

MAYHAM, J.:

Unless this case is distinguishable from *Potter* v. *Town of Greenwich* (26 Hun, 326), affirmed in the Court of Appeals (92 N. Y. 662),

then the result in that case must be decisive of this. That was an action upon one of the same series of bonds, as the one in suit in this action, and the action in that case was to reform the bond so as to make it conform to the statute (chap. 907, Laws of 1869), and in case said bond could not be so corrected, then that the defendant be decreed to pay the plaintiff $500, the face value of said bond, with the accrued interest on the same. And it was held that the plaintiff was not entitled to either kind of relief asked for.

But it is insisted by the learned counsel for the plaintiff that the case at bar differs essentially in the facts presented, and in the relief sought from the case of *Potter* v. *Greenwich*, above refered to, and that that difference is so marked that the decision in the latter case is not an authority against the plaintiff's right to recover in this. It is true that, by the case as now presented, some of the questions before the court in *Potter* v *Greenwich*, are definitely settled by the agreed facts in the case. We think the jurisdiction of the county judge of Washington county to pronounce the judgment authorizing the issue of bonds of the town by commissioners and the exchange of the same for second mortgage railroad bonds, is clearly established by the stipulation and is not an open question in this case for adjudication by this court.

The case makes the parties unite in saying that " on the 21st day of March, 1871, the county judge of the county of Washington *duly* adjudged, determined and ordered, as set forth in his judg- ment or order then made, of which the following is a copy." Then follows the formal adjudication of the county judge reciting the jurisdictional facts and adjudging that the requisite number of tax- payers of Greenwich, representing the requisite amount of taxable property of said town had duly petitioned in compliance with the requirements of the law as it at that time existed. With this con- cession it does not lie with the defendant to challenge the jurisdic- tion of the county judge to pronounce the judgment. If the county judge had not had jurisdiction, both of the parties and the subject- matter, he could not have " *duly adjudged and determined*" as by the case it appears he did ; and a judgment having been duly entered under and in pursuance of the provisions of the statute it became binding upon the parties and, like any other judgment of a court of record, could not be assailed collaterally. Section 2 of

chapter 907 of the Laws of 1869 provides that such judgment and the record thereof, shall have the same force and effect as other judgments and records in courts of record in this State." Nor can the appointment and qualification of the commissioners be questioned in this action. The case shows that the county judge " *duly appointed* " the commissioners for the purpose set forth in chapter 907 of Laws of 1869, and that said commissioners duly accepted said office, took their official oath and entered upon the discharge of their duties as commissioners. Under this agreed state of facts, for the purposes of this action, these commissioners became such *de jure* and were clothed with all the powers conferred by the statute upon such railroad commissioners.

All the preliminary steps contemplated by the act of 1869 having been complied with to clothe the commissioners with full authority to act, and they having assumed to act as such commissioners by issuing bonds to the amount of $40,000, purporting to be town bonds issued under chapter 907 of the Laws of 1869, in which the town, by its commissioners, declares itself indebted to the holder of said bond in the sum of $500, with semi-annual interest, and the said commissioners, so appointed and acting, having sold said bonds at par for cash to the plaintiffs, and with the proceeds and avails thereof and of other similar bonds, having purchased for and delivered to said town $50,000 in par value of the second mortgage bonds of the Greenwich and Johnsonville Railroad Company, which, so far as appears from the case, said town still holds, the question arises, are these bonds so radically defective by reason of their having been issued to run twenty years, instead of thirty years, as prescribed by the act above referred to, that they cannot be upheld and sustained so as to represent a valid claim, and if so, does such defect in the bond divest the purchaser and holder thereof of all power to invoke any legal redress for the money invested and leave the defendant in the unmolested enjoyment of the benefits derived from the use of the plaintiff's money in the construction of a railroad within its territory, with all its attendant advantages of facilities for transportation, increased valuation of property and the $50,000 dollars in second mortgage bonds of the Greenwich and Johnsonville Railroad? It is well settled in this State that bonds issued by commissioners under the provisions of the act authorizing

towns to bond themselves to aid in the construction of railroads, must be conformable to law or they are invalid as such and cannot be collected of the town, and that the holder is charged with knowledge of any defects, or, in other words, there is no such thing as a *bona fide* holder of such bonds. (*Cagwin* v. *Town of Hancock*, 84 N. Y., 532 ; *Horton* v. *Town of Thompson*, 71 id., 513 ; *Angel* v. *Town of Hume*, 17 Hun, 374 ; *Potter* v. *Town of Greenwich*, 26 id.,. 330.) If these bonds are to be treated as issued at the time they bear date, then they come clearly within the provisions of chapter 907 of Laws of 1869, which alone was in force at that time, and which required such bonds to become due and payable at the expiration of thirty years ; and as these bonds had but twenty years to run they were, in their physical shape, upon their face void. (*Potter* v. *Town of Greenwich*, 26 Hun, 326.) If, however, they were not deemed issued until the time of their actual sale by the agent of the commissioners to the plaintiff, then the purchaser took them under the provisions of law then in force. (*Angel* v. *Town of Hume*, 17 Hun, 374.) The bonds in the case at bar were actually sold by the commissioners to the plaintiff on the 1st day of July, 1871, who on that day paid the agent of the commissioners the sum of $2,500 in cash and received five town bonds of the par value of $500 each. At the time of that sale the provisions of section 4 of chapter 907 of the Laws of 1869 had been amended by section 6 of chapter 925 of Laws of 1871, adding at the end thereof as follows : " The said commissioners may issue the said bonds, payable at any time they may elect, less than thirty years, any law heretofore passed to the contrary." But the same section provides that not more " than ten per cent of the principal of the whole amount of bonds issued shall become due and payable in any one year." This amendment would doubtless authorize the commissioners to issue the five bonds bought by the plaintiff at the time of that purchase for twenty instead of thirty years. I think that it cannot be successfully maintained that the bonds were issued in the legal sense of that term until they were negotiated, they did not become a valid sub-sisting obligation against the town until they were negotiated, and the town could not be made liable either for principal or interest while the bonds remained unnegotiated in the hands of the commissioners. They had no legal inception until they were delivered to

some person as an evidence of a subsisting debt against the town. It cannot be pretended that the commissioners or Andrews, their agent, had any suc   title to or interest in the bonds as would enable them to enforce them against the town ; and it is well settled if no party to the instrument, who is prior to the holder, could himself bring an action on it against the maker, then no prior party ever owned it, and the holder being the first owner must be held as having loaned the money to the maker. (*Eastman* v. *Shaw*, 65 N. Y., 527, 528.)   The bond was, therefore, not issued until it was negotiated for value, and hence had no legal inception until purchased by the plaintiff July 1, 1871.   The law of the bond at that time was that it might be issued by the commissioner for any length of time less than thirty years, notwithstanding the prohibition contained in chapter 907 of the Laws of 1869.

Although the legal presumption is that these bonds were issued at the time they bear date, yet that presumption may be overcome by proof that they were issued at a different date.  (*Elsey* v. *Metcalf*, 1 Den., 323–326.)   The presumption of issue at the date is directly overcome by the statement in the case that plaintiff purchased, received and paid for them July 1, 1871, and as the plaintiff had a right to rely upon the law then in force, we do not see how the fact that these bonds ran for twenty instead of thirty years can affect the validity of the bonds in his hand.

But it is said by the defendant that the same act which confers this discretion, as to the length of time these bonds are to run, upon the commissioners restricts the amount that shall be made to fall due in any one year, and that in that respect these bonds were issued in violation of law.   The case does not show when the other bonds were negotiated, and it does not appear whether they were sold before or after this sale to the plaintiff.

Suppose these five bonds were the first bonds sold, then it could not be pretended that these five bonds were an over-issue of bonds maturing at the same time, and if regular in all other respects, they would be valid as to amount.   If regular, therefore, at the time of the purchase by this plaintiff, could they be affected in his hands by the subsequent over-issue of bonds of a similar character by the commissioners?   The answer seems obvious that they could not.   Or, suppose that before the passage of section 6 of chapter

925 of the Laws of 1871, the comissioners had issued more than $10,000 in these bonds, due at the same date, would the issue of those void twenty-year bonds prohibit the commissioners, after the passage of chapter 925 of the Laws of 1871, from issuing five $500 bonds under the last mentioned act? The answer seems equally clear that it would not.

It would seem from the above statements that upon the points discussed there is nothing that defeats the validity of these bonds in the hands of the plaintiff. In *Potter* v. *Town of Greenwich* (26 Hun, 331), the court held that the bond in suit in that case was issued under chapter 907 of the Laws of 1869, and that for that reason it was void, because it was for twenty years, and not for thirty years, as required by that act, and the Court of Appeals affirms that decision (92 N. Y., 662), but that case does not seem to discuss the question of the effect of the provisions of chapter 925 of the Laws of 1871, and the whole question seemed to be discussed as arising under chapter 907 of the Laws of 1869.

In that respect, therefore, this case is different from the case of *Potter* v. *Greenwich* (*supra*), and if this be so, the decision in that case not being predicated upon a state of facts such as appear in this case, is not controlling, and does not conclude the plaintiff in this action.

All the essential benefits which the taxpayers of the town contemplated at the time they petitioned for leave to bond the town were realized, accepted and adopted by the town, and the taxpayers thereof are, so far as appears by this case, in the full enjoyment of its fruits. The town, through its officers, have, so far as they are capable, ratified the acts of the commissioners by accepting the railroad bonds and recognizing the validity of the town bonds by voluntarily paying several installments of interest; and while it is true that the payment of the interest after the bonds were issued would not be an estoppel, yet it is at least a recognition of the validity of the bonds and a ratification of the acts of the commissioner in issuing the same; and the courts have in some instances treated such ratification as equivalent to an original agreement. I think the subsequent acts of the town and its officers may be taken and treated as an admission on the part of the town that the bonds in suit were issued under chapter 925 of the Laws of

1871. In *Peterson* v. *Mayor* (17 N. Y., 453), the Court of Appeals in discussing the question of the ratification by a corporation says: " This ratification may be by express assent or by acts or conduct of the principal inconsistent with any other supposition than that he intended to adopt and own the act done in his name. I am of opinion that the principal is as applicable to corporations as to individuals."

In *Hoyt* v. *Thompson, Executor* (19 N. Y., 218), the court say : " A corporation may like an individual ratify the acts of its agents done in excess of their authority, and such ratification may in many cases be inferred from an informal acquiescence in and approval of those acts." To the extent, therefore, that the acts of the town by its officers tends to show a ratification of the validity of these bonds, those acts may properly be considered in determining this case. Nor can this court indulge in any inference not supported by the facts against the validity of these bonds. On the other hand, it is the duty of the court to hold (unless the contrary appear from the case) that these commissioners did their duty according to law, and that the bonds in suit were issued under the act of 1871, and were not in excess of the amount which the commissioners were authorized to sell, maturing at the time mentioned upon the face of the bond. It must be assumed that the commissioners did their duty in the absence of any proof to the contrary. (*Whiting* v. *Town of Potter*, 18 Blatchf., 165.)

All the apparent equities being in favor of the plaintiff in this case, and upon the view we have taken of the facts presented there being no legal objection to the validity of the bonds in suit, we are of the opinion that the plaintiff is entitled to recover in this action the interest due and unpaid on these bonds represented by the unpaid coupons.

LEARNED, P. J., and LANDON, J., concurred.

Judgment in plaintiff's favor, as stated in opinion, with costs.